IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 11-20327-STA |
| | ) | Cr. No. 12-20168-STA |
| TAMARACINA BIRDSE, | ) | |
| | ) | |
| Defendant. | ) | |

_____

ORDER DENYING DEFENDANT'S MOTION FOR RECOMMENDATION AS MOOT
ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT
_____

Before the Court are motions filed *pro se* by Defendant Tamaracina Birdse, Bureau of Prisons inmate registration number 24912-076, an inmate at Residential Reentry Management Office Nashville.[1] On April 23, 2018, Birdse filed identical Motions for Recommendation Regarding Length of RRC Placement in each of the criminal proceedings against her (Cr. No. 11-20327, ECF No. 85; Cr. No. 12-20168, ECF No. 35). On May 29, 2018, Birdse filed identical Motions for Relief From Final Judgment (Cr. No. 11-20327, ECF No. 86; Cr. No. 12-20168, ECF No. 36).[2] For the reasons set forth below, Defendant's Motions are **DENIED**.

## BACKGROUND

The Court has set out the full procedural history of Birdse's case in previous orders. On

_____

[1] The Clerk of Court is directed to update Birdse's address on the docket.

[2] On June 25, 2018, Birdse filed Motions to Amend her Rule 60(b) Motions (Cr. No. 11-20327, ECF No. 87; Cr. No. 12-20168, ECF No. 37). The Motions to Amend are **GRANTED**.

1

December 20, 2011, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Birdse, charging her with six counts of misuse of a Social Security number with the intent to deceive, to wit, falsely representing on an application for a Tennessee driver's license that a Social Security number was assigned to her, when the Commissioner of Social Security had not in fact assigned the number to her, all in violation of 42 U.S.C. § 408(a)(7)(B). (*See* Indictment, *United States v. Tamaracina T. Birdse*, 2:11-cr-20327-STA (W.D. Tenn.), ECF No. 1.) Birdse entered a plea of not guilty as to all charges.

On June 26, 2012, the United States filed a separate criminal information against Birdse, alleging that she had stolen approximately $1,014,000 in funds administered by the Department of the Treasury by filing fraudulent tax returns and obtaining federal income tax refunds deposited into bank accounts controlled by Birdse and others in violation of 18 U.S.C. § 641. (*See* Information, *United States v. Tamaracina Birdse*, 2:12-cr-20168-STA (W.D. Tenn.), ECF No. 1.) Pursuant to an agreement with the United States, Birdse pleaded guilty to the information in criminal case no. 12-20168 and changed her plea to guilty as to one of the counts in criminal case no. 11-20327 at a change of plea hearing on June 26, 2012. As part of the agreement, the United States agreed to dismiss the remaining counts of misuse of a Social Security number in criminal case no. 11-20327 at sentencing.

On November 14, 2012, the undersigned sentenced Birdse to a term of imprisonment of thirty-six (36) months as to the charge of misuse of a Social Security number (Count 6 in criminal case no. 11-20327) and 110 months as to the charge of stealing money from the United States (Count 1 in criminal case no. 12-20168), both sentences to be served concurrently, three

---

The Court will discuss the Rule 52 arguments raised in the Motions to Amend below.

years supervised release, and a special assessment of $200. (*See* Judgment, ECF No. 15.) The Court subsequently entered a second amended judgment to include an order of restitution in the amount of $1,016,726.00. (*See* Amended Judgment, Cr. No. 12-20168, ECF No. 23). Birdse did not appeal the Court's judgment.

On November 15, 2013, Birdse filed identical *pro se* § 2255 motions to vacate her conviction, which the Clerk of Court docketed as civil case nos. 13-2894 and 13-2895. Birdse's § 2255 motions alleged several claims of ineffective assistance of counsel, including counsel's alleged failure to investigate a prior shoplifting offense. Birdse argued that her presentence investigative report ("PSR") included a 2006 shoplifting conviction and added one point to her criminal history score. But according to Birdse, her conviction on the charge had never become final.[3] Birdse argued that the shoplifting offense should not have been included in the computation of her criminal history points and that had counsel properly investigated the charge, he would have raised an objection at sentencing.

The Court denied Birdse's § 2255 motions in an order dated August 10, 2016. The Court held that counsel's performance was not deficient because he reviewed the PSR with Birdse and Birdse never raised the shoplifting offense as an error in her report. The Court further held that Birdse had not shown prejudice from the supposed error. The record showed that she had stated her intention to the Mississippi court to plead guilty to the charge and pay a fine. As such, the conduct was properly counted as a "conviction" in her criminal history calculation for purposes of the Sentencing Guidelines. Birdse appealed, and the United States Court of Appeals for the

---

[3] Birdse claimed the court in Mississippi assessed a fine for her failure to appear at a hearing and explained that she failed to appear because she had been taken into custody for the

3

Sixth Circuit denied her a certificate of appealability on May 18, 2017. The Sixth Circuit held that "[r]easonable jurists would not debate the district court's ruling . . . [that] based on Birdse's expressed intent to plead guilty to the shoplifting offense, the conviction properly resulted in the addition of one point to her criminal history score, even if she had yet to be sentenced. *Birdse v. United States*, No. 16-6566, 2017 WL 4863172, at *1 (6th Cir. May 18, 2017) (citing U.S.S.G. §§ 4A1.1(c), 4A1.2(a)(1 and 2(a)(4)).

Birdse then renewed her argument about the 2006 shoplifting charge in another round of motions filed on the docket of her criminal cases. On November 13, 2017, Birdse filed motions to correct a clerical error (Cr. No. 11-20327, ECF No. 78; Cr. No. 12-20168, ECF No. 31). Birdse again raised the issue of the PSR listing her 2006 shoplifting charge as a prior conviction. Birdse described it as a clerical error the Court could correct under Federal Rule of Criminal Procedure 36. Birdse also introduced new evidence that her conviction only became final in 2015, two years after her sentencing before this Court in criminal cases no. 11-20327 and no. 12-20168. Birdse produced a letter from the Southaven Municipal Court stating that the Court would dismiss a warrant for her arrest if she agreed to enter a guilty plea to the charge and pay court costs. The Court denied Birdse's motions in February 2018, holding that the error was not a clerical error the Court could address under Federal Rule of Criminal Procedure 36.

Birdse raised the issue of her 2006 shoplifting charge yet again, in a motion for permission to file a second § 2255 motion, in which she sought leave from the Sixth Circuit to file another § 2255 based in part on the alleged error in her PSR. On June 21, 2018, the Sixth Circuit denied Birdse's motion and concluded that Birdse had "failed to identify a new rule of

---

violation of her probation on another matter.

constitutional law concerning her claim that the district court improperly calculated her [criminal history calculation]." *See In re: Tamaracina Birdse*, No. 17-6179 (6th Cir. June 21, 2018).

In her Motion for Relief From Final Judgment now before the Court, Birdse once again raises the issue of her 2006 shoplifting charge in Mississippi. Birdse seeks relief from the judgment against her pursuant to Federal Rule of Civil Procedure 60(b). Birdse argues that her conviction of the charge only became final in November 2015 and that the Court should not have included the conviction in its criminal history calculation. Birdse also requests that the Court apply newly amended fraud loss tables from the Sentencing Guidelines which would result in a reduction of her guidelines range. Birdse concedes that the amended fraud loss table was not made retroactive. Birdse's Motion to Amend raises additional argument based on the United States Supreme Court's decision in *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018). Birdse argues that the Court can find that the error in the calculation of her criminal history points constitutes plain error for purposes of Rule 52 of Federal Rule of Criminal Procedure. Based on this authority, Birdse asks the Court to vacate the judgment against her and resentence her. The United States has not responded to Birdse's Motions.

## **ANALYSIS**

The Court finds that Defendant's *pro se* Motions are not well taken and therefore must be denied. As an initial matter, Birdse's Motion for Recommendation appears to be moot. Birdse requests that the Court make a recommendation to the Bureau of Prisons to place Birdse in a residential re-entry center to serve out the remaining nine to 12 months of her sentence. Birdse states that she is currently due for release in July 2019. At the time she filed her Motion, Birdse was an inmate at FPC Alderson in Alderson, West Virginia. According to the Bureau of Prisons,

Birdse is now housed at RRM Nashville, a BOP residential re-entry program. Under the circumstances, it appears to the Court that Birdse has received the relief she sought in her Motion. Therefore, the Motion for Recommendation is **DENIED** as moot.

As for Birdse's Motion for Relief From Judgment, the Court finds no grounds to grant her such relief. Strictly as a procedural question, Rule 60(b) of the Federal Rules of Civil Procedure does not provide Birdse an avenue for relief. "As a rule of civil procedure, Rule 60(b) applies to civil proceedings, proceedings authorized under Rule 81, and habeas proceedings, which are civil in nature." *United States v. Blaney*, No. 17-1251/1348, 2017 WL 4409307, at *1 (6th Cir. Sept. 26, 2017) (quoting *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011)). "Rule 60(b) is not applicable to criminal proceedings and may not be used to disturb a criminal sentence or conviction." *Id.* (quotations omitted). Birdse's Motion must be denied for this reason alone.

Even on the merits, Birdse has not shown why the Court should amend its judgment. It is undisputed that the PSR in Birdse's case reported that she had a shoplifting charge dated August 9, 2006, and that her "sentence" on the charge was a fine of $647.50. There is now evidence that Birdse was only charged with shoplifting and that the fine was imposed as a sanction for Birdse's failure to appear for a hearing. Birdse has introduced an unverified letter, showing that she entered into an agreement with the Mississippi court in 2015 to plead guilty to the shoplifting charge and pay costs in exchange for the court dismissing the warrant for Birdse's arrest. As Birdse correctly points out, the Court remarked in its February 2018 order that the PSR's error about the status of her shoplifting charge was troubling. However, the fact remains that Birdse has never shown why the PSR's error had any substantive effect on the sentence imposed by the

Court. Even if the PSR had correctly reported the facts of the charge at the time of Birdse's sentencing, the Court would have still given Birdse the criminal history point for the shoplifting charge. As the Court explained in ruling on Birdse's § 2255 motions, the circumstances of Birdse's charge supported the Court's decision to treat the shoplifting charge as a prior conviction for purposes of U.S.S.G. § 4A1.2(a)(4). *See Birdse v. United States*, No. 13-2894/2895-STA, 2016 WL 4250476, at *7 (W.D. Tenn. Aug. 10, 2016). Birdse had already appeared before the Mississippi court and stated her intention to plead guilty to shoplifting and pay the fine. In short, the PSR's erroneous report about the disposition of the shoplifting charge and Birdse's subsequent decision to plead guilty to the charge in 2015 had no effect on Birdse's sentence. Therefore, the Court continues to hold that Birdse is not entitled to any relief from the judgment against her.

Finally, Birdse relies on the Supreme Court's recent decision in *Rosales-Mireles* as support for her request. But the issue presented in *Rosales-Mireles* was whether a United States Court of Appeals had abused its discretion by not vacating a final judgment on appeal where the district court had committed a plain error in calculating the defendant's guidelines range at sentencing. Rule 52(b) of the Federal Rules of Criminal Procedure permits review of any plain error that affects substantial rights, even if the party claiming error did not make a contemporaneous objection. Fed. R. Cr. P. 52(b). An error is plain if it is (1) a "[d]eviation from a legal rule" (2) which is "clear or obvious, rather than subject to reasonable dispute" and (3) had an effect on the proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Needless to day, *Rosales-Mireles* arose under a completely different procedural posture than the case at bar. But more to the point, Birdse cannot show that her sentence was the product of plain error. Any

7

error in the PSR does not amount to a deviation from any legal rule, certainly not one that is clear or obvious, and the error in the PSR had no effect on the proceedings. Birdse simply cannot show plain error.

Since the entry of judgment in her criminal cases in 2013, Birdse has raised the same issue concerning the PSR and her 2006 shoplifting charge in more than one filing with this Court as well as the Court of Appeals. The Court has now considered Birdse's argument about her shoplifting charge as grounds for her § 2255 motions, her motion to correct a clerical error under Criminal Rule 36, her motion to amend her judgment under Civil Rule 60(b), and her request for plain error review under Criminal Rule 52(b). The Court has denied her motions in each instance. Birdse has also had the opportunity to present the issue to the Court of Appeals, first in her request for a certificate of appealability in her § 2255 and then in her petition to file a second § 2255 motion. Both courts have consistently concluded that Birdse has not shown any entitlement to relief. Birdse's Motion for Relief likewise fails to demonstrate why the Court should vacate its judgment and re-sentence Birdse. For these reasons, Birdse's Motion for Relief must be **DENIED**.

  **IT IS SO ORDERED.**

                **s/ S. Thomas Anderson**
                S. THOMAS ANDERSON
                CHIEF UNITED STATES DISTRICT JUDGE

                Date: March 13, 2019.